IN THE MATTER OF THE GUARDIANSHIP OF
R. G. AND M. G.

Superior Court of New Jersey
Appellate Division

Argued June 16, 1969—Decided June 26, 1969.

Before Judges CONFORD, KILKENNY and LEONARD.

*Mr. Charles F. Harris* argued the cause for appellant (*Messrs. Stark and Stark*, attorneys).

*Mr. Eugene T. Urbaniak,* Deputy Attorney General, argued the cause for respondent New Jersey Bureau of Children's Services (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

PER CURIAM. ■ We agree with the Attorney General that the Mercer County Juvenile and Domestic Relations Court had jurisdiction to entertain the present proceedings to commit appellant's children to the guardianship of the Bureau of Children's Services under *N. J. S. A.* 30 :4C–15.

We also agree with the Attorney General's well-developed demonstration of the unsoundness of appellant's argument that in view of a prior award to him of custody of the children by the Chancery Division, as against the mother, *R. R.* 4 :111A–1 dictates exclusive jurisdiction of this proceeding in the Superior Court. The practice rule implements only *N. J. S. A.* 9 :2–18 *et seq.,* concerning an "action to terminate parental rights" by "an approved agency." It does not affect proceedings under *N. J. S. A.* 30 :4C–15 *et seq.,* at least not where brought by the Bureau of Children's Services, which is a supervising arm of the State, rather than "an approved agency," as specified in *R. R.* 4 :111A–1 and in *N. J. S. A.* 9 :2–18.

■ However, we granted leave to appeal in this matter from the making of an interlocutory order, entered under authority of *N. J. S. A.* 30 :4C–17, because that section, read with *N. J. S. A.* 30 :4C–20, may be literally deemed to allow an interlocutory order on summary interlocutory hearing, on notice only to the Bureau of Children's Services, which would have the same effect as a final order of commitment. That effect would include the termination of natural parental rights and the commitment of the child to the Bureau, with power in the latter to place the child for adoption. It is obviously unthinkable as a matter of fundamental fairness that a natural parent's rights in relation to his children should be subject to being cut off, even to the extent of enabling their adoption by others without his consent, with-

out affording him prior notice and an opportunity to be heard thereon. The Attorney General agreed at the argument that no such effect should be accorded the interlocutory order, here entered without notice to appellant or hearing him thereon, and he stipulated that the status of the children should remain in abeyance pending the final hearing of the matter by the court on notice to appellant.

Subject to the stated stipulation, the order is affirmed, and without costs.